[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 15, 2009
THOMAS K. KAHN
CLERK

No. 08-13345

_____

D.C. Docket No. 07-20799-CR-MGC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DUGGAN L. HIGGINBOTTOM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 15, 2009)

Before BARKETT and HULL, Circuit Judges, and SCHLESINGER,* District
Judge.

_____

*Honorable Harvey E. Schlesinger, United States District Court for the Middle District of
Florida, sitting by designation.

PER CURIAM:

Duggan L. Higginbottom ("Higginbottom") appeals from his convictions for (1) possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); (2) knowingly and intentionally possessing with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1); and (3) knowingly using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). Higginbottom presents three arguments as to why the conviction should be reversed. First, he argues that the district court erred when it denied his motion to suppress evidence obtained in a warrantless house search. Second, he asserts that the district court erred when it allowed a juror to be seated who, as an IRS agent, had previously worked with federal prosecutors in unrelated criminal tax cases. Third, he claims that prosecutorial misconduct requires reversal. After careful consideration of the parties' briefs and oral argument, we affirm.

First, Officer Rodriguez had probable cause to arrest Higginbottom and his entry into the apartment was permissible under the exigent circumstances exception. We note initially that all facts are to be construed in the light most favorable to the prevailing party below–in this case the government. United States v. Bervaldi, 226 F.3d 1256, 1262 (11th Cir. 2000) (citations omitted). Officer

Rodriguez observed Higginbottom engage in conduct that appeared to be a drug transaction, testifying that he saw a "leafy material" in a plastic bag. Upon witnessing the exchange of money for the small bag, Officer Rodriguez identified himself saying "police, stop." When the officer approached Higginbottom, he ran away holding the waistband of his pants, "like he ha[d] something [illegal] in there," and he ran into his apartment. Officer Rodriguez gave chase, following Higginbottom into the apartment.[1] The officer had probable cause to believe Higginbottom had sold drugs and to arrest him. The fact that Higginbottom entered the apartment did not eliminate the existence of probable cause, see United States v. Santana, 427 U.S. 38, 43 (1976)(a suspect may not defeat an imminent arrest by escaping into his house), and the officer permissibly chased Higginbottom into the apartment to arrest him under the exigent circumstances exception. The district court did not err in finding that the entry and search of the apartment were reasonable and, thus, denying the motion to suppress.

Second, we review the district court's decision not to strike a prospective juror for cause under an abuse of discretion. United States v. Brown, 441 F.3d

---

[1] Two other officers in a car saw Officer Rodriguez giving chase and go out of their car. Officer Rodriguez yelled to them, "I saw a hand-to-hand." The other officers also ran into the apartment after Rodriguez. One of these officers also testified at trial, in addition to Officer Rodriguez.

1330, 1356 (11th Cir. 2006) (citation omitted).  The trial judge must ascertain whether a juror "can lay aside his opinion and render a verdict based on the evidence presented in court," United States v. Simmons, 961 F.2d 183, 184 (11th Cir, 1992), or whether he "had such fixed opinions that [he] could not judge impartially the guilt of the defendant."  United States v. Dickinson, 248 F.3d 1036, 1045 (11th Cir. 2001) (citation omitted).  The trial judge here examined the juror in question, asking if his employment would impact his ability to judge dispassionately, and after a colloquy deemed him competent to sit on the jury. Based on the record, we cannot say that the district court abused its discretion. See, e.g., Depree v. Thomas, 946 F.2d 784, 790 (11th Cir. 1991)(holding that seating an ex-deputy sheriff as a juror in a case involving the murder of an on-duty police officer did not render the trial fundamentally unfair because nothing in the record showed "that the trial judge manifestly erred in evaluating the prospective juror's impartiality.").

Third, we find no error in the district court's rulings pertaining to prosecutorial misconduct.  Higginbottom argues that the government (1) "introduced" improper inflammatory comments regarding the community where he was arrested; (2) attempted to unfairly introduce prejudicial character evidence of his previous adult and juvenile crimes; and (3) delivered improper and

4

prejudicial closing argument. He further asserts that the cumulative effect of these errors necessitate a new trial.

We find that even if the prosecutor's comments could arguably be deemed inflammatory, these remarks did not prejudice Higginbottom because any potential error would have been harmless in light of the strong evidence of guilt.[2] Additionally, the prosecuting attorney's persistence in questioning Higginbottom on his prior juvenile conviction was wholly improper; however, the judge excluded the line of questioning and instructed the jury to disregard it entirely. Further, even if we were to determine that the trial court erred in not instructing the jury more fully on this issue, the error is harmless in light of Defendant's three other drug convictions that were properly admitted during his trial. With reference to those prior adult drug convictions, we find them admissible under Fed. R. Evid. 609 because the credibility of the government's main witness was challenged and, thus, Higginbottom's previous drug convictions could be used to attack his credibility.[3] As to the assault conviction, Higginbottom has not met his burden

---

[2]We also note that the district court sustained the defense objection to part of the comments and instructed the jury not to consider them.

[3]At trial, Higginbottom argued that the police burst in to his residence and planted the guns and drugs on him. We also note that the drug convictions are admissible under Fed. R. Evid. 404(b), as a defendant's prior drug trafficking offenses are generally admissible to prove that he acted with the requisite intent (as opposed to character evidence). United States v. Edouard, 485 F.3d 1324, 1344-45(11th Cir. 2007).

under the plain error test as he cannot show that the admission affected his substantial rights or the fairness of the judicial proceedings.

Finally, we reject as meritless Higginbottom's argument, made for the first time on appeal, that the district court's failure to give limiting instructions pertaining to his prior convictions was plain error. We likewise find no merit to the argument that the prosecutor improperly vouched for a witness or that these alleged errors cumulatively prejudiced Higginbottom.

**AFFIRMED**.